UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Bonnie Smith, | ) | C/A No.3:02-4179-JFA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER ADOPTING** |
| | ) | **REPORT AND** |
| Laidlaw Transit, Inc., Dart Transportation, | ) | **RECOMMENDATION** |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the court for review of the magistrate judge's report and recommendation ("the report") made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(D.S.C.).

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia,* 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

The United States Magistrate Judge has filed a report and recommendation

1

suggesting that the motion for summary judgment by the defendant be granted with respect to plaintiff's federal claims under the American with Disabilities Act ("ADA"), the Rehabilitation Act of 1973, Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1983. The Magistrate Judge also recommends that the defendant's motion for summary judgment be granted with respect to plaintiff's claims for negligence and harassment. The report and recommendation further recommends that the plaintiff's remaining state law claim under the South Carolina Bill of Rights for Handicapped Persons be dismissed without prejudice so that the plaintiff can re-file this claim in state court.

Both parties were apprised of their rights to file objections to the report and recommendation. The plaintiff filed objections to the report and recommendation on November 28, 2005. The defendant filed a response to plaintiff's objections on December 9, 2005. The defendant filed objections on December 2, 2005. The plaintiff filed a response on December 14, 2005.

In light of the standard set out above, the court has reviewed the report and the objections thereto. The court finds that oral argument would not aid in its decisional process. The court finds that sections I, II, III, IV, and V of the report and recommendation are proper and adopts these sections *in toto*. However, the court declines to adopt section VI of the report. Instead, that section of the report shall be replaced with the following analysis.

After adoption of the Magistrate Judge's recommendations in sections I through V, the plaintiff's only remaining claim is a state law claim under the South Carolina Bill of

2

Rights for Handicapped Persons ("Act"). S.C. Code § 43-33-510 *et. seq.* As noted in the report and by this court in an April 26, 2004 order in *Culler v. South Carolina Electric & Gas*, C/A No. 3:02-2803-17, there is no case law interpreting how the Act should be applied in the context of the issues presented in this lawsuit. Thus, the plaintiff's claim presents a novel issue of state law.

South Carolina Code § 43-33-540 limits actual damages for a violation of the Act to $5000, plus attorney's fees and costs. Therefore, this claim does not fall within the court's diversity jurisdiction because it does not meet the $75,000 amount in controversy requirement. *See* 28 U.S.C. § 1332. This court derives jurisdiction over this claim through supplemental jurisdiction as provided by 28 U.S.C. § 1367(a).

Section § 1367(c) provides: "The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if: (1) the claim raises a novel or complex issue of State law, . . . (3) the district court has dismissed all claims over which it has original jurisdiction. . . ." Having granted summary judgment to the defendant on the plaintiff's federal claims, there is no federal interest in reaching the merits of the state law claims. Furthermore, the plaintiff's remaining state law claim presents a novel issue of state law which should be addressed in the first instance by the state courts. Therefore, the plaintiff's remaining state law claim under the South Carolina Bill of Rights for Handicapped Persons is dismissed without prejudice pursuant to 28 U.S.C. § 1367(c).

## Conclusion

The Magistrate Judge's report and recommendation is accepted with respect to sections

I through V and modified with respect to section VI. The defendant's motion for summary judgment is hereby granted on the plaintiff's claims under the American with Disabilities Act ("ADA"), the Rehabilitation Act of 1973, Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1983. The defendant's motion for summary judgment with respect to plaintiff's claims for negligence and harassment is also granted. The plaintiff's claim under the South Carolina Bill of Rights for Handicapped Persons is dismissed without prejudice pursuant to 28 U.S.C. § 1367(c).

  IT IS SO ORDERED.

                /s/ Joseph F. Anderson, Jr.
                United States District Judge

January 6, 2006
Columbia, South Carolina